UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                                  CAUSE NO. 1:19cr67 DRL

JUSTIN DAVIS,

          Defendant.

## OPINION AND ORDER

Justin Davis requests compassionate release, citing crack cocaine sentencing disparities and COVID-19. The court denies his *pro se* request because he hasn't established extraordinary and compelling circumstances, nor do the sentencing factors warrant early release.

Often a judgment of conviction that includes a sentence of imprisonment cannot be modified by the court, *see Dillon v. United States*, 560 U.S. 817, 824 (2010), but an exception exists when extraordinary and compelling reasons warrant a reduction, and when any working definition from the guidelines (consistent with federal law) and the federal sentencing factors support early release, *see* 18 U.S.C. §§ 3553(a), 3582(c)(1)(A); 28 U.S.C. § 994(t); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). The defendant has the burden of establishing an extraordinary and compelling reason. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). It seems Mr. Davis exhausted his administrative remedies [127-2]. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

Just over a year ago, the court sentenced Mr. Davis to an aggregate term of 108 months—concurrent terms of 48 months for unlawfully possessing with the intent to distribute cocaine and possessing a firearm as a felon, and a consecutive term of 60 months for possessing a firearm in furtherance of a drug trafficking crime. He has served about 57 months (after credit for time served before sentencing). He has a projected release date of April 26, 2027. He is 66 years old today.

First, Mr. Davis cites the Department of Justice's position on crack cocaine disparities and argues that the calculation of his drug weight ignored this guidance. But drug weight is a product of the guidelines promulgated by the Sentencing Commission, not the Justice Department. And compassionate release is not a vehicle for challenging the legal sufficiency of his sentencing, nor a vehicle to make routine policy arguments. *See United States v. King*, 40 F.4th 594, 595-96 (7th Cir. 2022) ("legal developments routinely addressed by direct or collateral review" do not qualify for compassionate release). In fact, Mr. Davis advanced this argument at sentencing, and the court already addressed the point in depth. The court noted that the ratio was cause to vary below the recommended range, and the court did [114]. One cannot call a point extraordinary when it was in the ordinary course of sentencing addressed in full.

Second, Mr. Davis says his age makes the hazard of contracting COVID-19 an extraordinary and compelling reason for early release. Though his age (66) elevates his risk level,[1] age alone doesn't make his circumstances extraordinary. He resides at FCI Thomson. Today the facility has no active COVID-19 cases out of 1325 total inmates.[2] The majority have been fully vaccinated.[3] The BOP was impressively undeterred in combatting the challenges of the original COVID-19 pandemic, and it is now largely behind us and managed smartly as an ongoing and common disease risk. *See United States v. Vaughn*, 62 F.4th 1071, 1071-72 (7th Cir. 2023) ("COVID-19 has been a fact of life for more than three years"). Mr. Davis has given the court no reason to think he would be at a lower risk outside prison. *Id.* With vaccines and treatments now widely available, the acute risks of years gone by should continue to wane. *See United*

---

[1] Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19: Information for Health Care Providers, Center for Disease Control and Prevention (updated Apr. 12, 2024) (https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html#:~:text=Risk%20of%20severe%20outcomes%20is,substantially%20at%20ages%20%3E65%20years).

[2] Bureau of Prisons, *Inmate COVID-19 Data*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (visited July 10, 2024).

[3] Bureau of Prisons, *Inmate COVID-19 Data*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (visited July 10, 2024).

*States v. Alexander*, 2024 U.S. App. LEXIS 12968, 7 (7th Cir. May 30, 2024). Mr. Davis's situation isn't extraordinary or compelling.

The sentencing factors also militate against compassionate release. They have not changed demonstrably from a year ago [*see* 114]. Mr. Davis dealt cocaine regularly and protected his conduct with a firearm. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A). Though he had no prior drug distribution or firearm offense, he wasn't peddling negligible drug amounts. This was his twelfth drug conviction among the 40 convictions that span 25 years, indicating that, even at his advancing age, recidivism and public protection remain pressing concerns. *See* 18 U.S.C. §§ 3553(a)(2)(B), (a)(2)(C). Avoiding unwarranted sentencing disparities was at sentencing, and remains today, an important factor, for reducing his sentence yet more (as the court discussed at length) would create rather than avoid disparities. *See* 18 U.S.C. § 3553(a)(6). The court commends his educational pursuits while incarcerated and his lack of disciplinary violations, but rehabilitation alone isn't cause for early release. 28 U.S.C. § 994(t); *see also Vaughn*, 62 F.4th at 1072 (classes while incarcerated are "common rather than extraordinary"). The severity of his conduct and lengthy criminal history work against early release. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(6).

Considering the § 3553(a) factors, the low risk that COVID-19 presents, and the court's thorough discussion and use of his policy argument at sentencing already, the court DENIES Mr. Davis's request for compassionate release [127].

SO ORDERED.

July 10, 2024                                          *s/ Damon R. Leichty*
                                                       Judge, United States District Court

3